UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEVEN LUKES,

                Plaintiff,

      -against-

MARTHA LEVENTHAL, ESQ., LEGAL AID SOCIETY
OF NASSAU COUNTY, JOHN DOE, Legal Aid Supervisor,

                Defendants.
------------------------------------------------------------X

ORDER
12-CV-3707(SJF)(AKT)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★ OCT 1 1 2012 ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

I.    Introduction

On or about July 24, 2012, *pro se* plaintiff Steven Lukes ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 against Martha Leventhal, Esq. ("Leventhal"), Legal Aid Society of Nassau County ("Legal Aid"), and "John Doe" ("the Doe defendant"), identified only as a Legal Aid supervisor, accompanied by an application to proceed *in forma pauperis*. Plaintiff subsequently also moved for the appointment of *pro bono* counsel.

Plaintiff's financial status, as set forth in the declaration in support of his application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, plaintiff's complaint is *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and his motion for the appointment of counsel is denied as moot.

II.    The Complaint

The complaint sets forth the following Statement of Claim:

> "The claim is against Legal Aid Attorney Martha Leventhal as well

as her supervisors and the Legal Aid Society of Nassau County. For
the misrepresentation of my case. It is alleged that my 6th and 14th
Amendments [rights] were violated due to poor judgment, poor
negligence. Upon which my attorney never visited me to inform me
of the status of my case. Postponing my case repeatedly, lied on
more than one & several occasions about the District Attorney's
stand in my case and about my release from Nassau County Jail. I
have been incarcerated from September 13, 2011 to the present day
of my filing the lawsuit July 13, 2012[1] and up to this point with no
resolution in my case.

(Compl. at ¶ IV). Plaintiff seeks "restitution" in an unspecified amount for alleged "mental, emotional distress" and "defamation of character." (Compl. at ¶ V).

III. Discussion

A. 28 U.S.C. §§ 1915A and 1915(e)(2)

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 29 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are required to read *pro se* complaints liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011), and to construe them "to raise the strongest arguments [that they] suggest[]."

---

[1] Although plaintiff's unsigned complaint was received by the Court on July 24, 2012, he was advised that he must sign and return the complaint in order to proceed with the case. See Notice of Deficiency, dated July 27, 2012. Plaintiff filed a signed complaint on August 7, 2012.

Jabbar v. Fischer, 683 F.3d 54, 56 (2d Cir. 2012) (quotations, alterations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Harrington v. County of Suffolk, 607 F.3d 31, 33 (2d Cir. 2010); see also Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the * * * claim is and the grounds upon which it rests." Erickson, 551 U.S. 89, 127 S. Ct. at 2200 (quotations and citation omitted); see also Anderson News, LLC v. American Media, Inc, 680 F.3d 162, 182 (2d Cir. 2012)(accord). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft, 556 U.S. at 678, 129 S.Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955); see also Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011) (accord). "Factual allegations must be enough to raise a right to relief above the speculative level, * * * on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-56, 127 S.Ct. at 1959; see also Starr v. Sony BMG Music Entertainment, 592 F.3d 314, 321 (2d Cir. 2010), cert. denied, 131 S. Ct. 901, 178 L. Ed. 2d 803 (2011) (accord). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Ashcroft, 556 U.S. at 678, 129 S.Ct. at 1949; see also Wilson v. Merrill Lynch & Co., Inc, 671 F.3d 120, 128 (2d Cir. 2011) (accord).

B. Section 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."

To state a claim under Section 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Rehberg v. Paulk, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012); Ahlers v. Rabinowitz, 684 F.3d 53, 60-1 (2d Cir. 2012), cert. denied, 2012 WL 4006001 (2012).

In order to state a claim for relief under Section 1983, a plaintiff must establish a deprivation of constitutional rights "under color of state law." See Filarsky v. Delia, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012) ("Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights under color of state law."); Fabrikant v. French, 691 F.3d 193, 206 (2d Cir. 2012) ("A plaintiff pressing a claim of violation of his constitutional rights under Section 1983 is * * * required to show state action. * * * State action requires * * * that the party charged with the deprivation must be a person who may fairly be said to be a state actor." (quotations and citations omitted)); Hollander v. Copacabana Nightclub, 624 F.3d 30, 33 (2d Cir. 2010), cert. denied, 131 S. Ct. 914, 178 L. Ed. 2d 751 (2011) ("To assert a Section 1983 claim, [the plaintiff] must plead that the [defendant's] conduct was done under the color of state law.") "Anyone whose conduct is fairly attributable to the state can be sued as a state actor under Section 1983." Filarsky, 132 S. Ct. at 1661 (quotations and citation omitted); see also

4

Hollander v. Copacabana Nightclub, 624 F.3d 30, 33 (2d Cir. 2010), cert. denied, 131 S. Ct. 914, 178 L. Ed. 2d 751 (2011) (accord).

Generally, attorneys, whether with the Legal Aid Society, court-appointed or privately retained, are not state actors for purposes of Section 1983. See, e.g. Vermont v. Brillon, 129 S. Ct. 1283, 1291, 173 L. Ed. 2d 231 (2009) ("[A]ssigned counsel ordinarily is not considered a state actor."); Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Caroselli v. Curci, 371 Fed. Appx. 199, 201 (2d Cir. Apr. 6, 2010) (holding that neither the Legal Aid Society nor one of its attorneys was a state actor amenable to suit under Section 1983); Brown v. Legal Aid Society, 367 Fed. Appx. 215, 216 (2d Cir. Feb. 23, 2010) (holding that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); Schnabel v. Abramson, 232 F.3d 83, 87 (2d Cir. 2000) ("[A] Legal Aid Society ordinarily is not a state actor amenable to suit under Section 1983.") Since all of plaintiff's claims challenge defendants' performance of traditional functions as counsel to plaintiff during the criminal proceeding against him, none of them are state actors for purposes of Section 1983.

Although liability may be imposed under Section 1983 upon private individuals who are not state actors pursuant to a conspiracy theory, see Ciambriello v. County of Nassau, 292 F.3d 307, 324-325 (2d Cir. 2002), in order to state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Ciambriello, 292 F.3d at 324-325; see also Zavalidroga v. Cote, 395 Fed. Appx. 737, 740 (2d Cir. Oct. 6, 2010), cert. denied, 131 S. Ct. 2448, 179 L. Ed. 2d 1210 (2011) (summary order) ("Although

5

private actors are liable under Section 1983 if they conspired with state officials, to state a claim based on 'a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act.'" (quoting Spear v. Town of West Hartford, 954 F.2d 63, 68 (2d Cir. 1992)). Plaintiff cannot state a plausible Section 1983 claim against any of the defendants because, *inter alia*, no state actor, with whom defendants can be said to have conspired to commit an unconstitutional act, is identified anywhere in the complaint. Accordingly, plaintiff's complaint is dismissed in its entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim for relief.

IV. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted, plaintiff's complaint is *sua sponte* dismissed in its entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and plaintiff's application for the appointment of *pro bono* counsel is denied as moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: October 11, 2012
Central Islip, New York